02-10-081-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00081-CR

 

 


 
 
 Eddie Lee Ward
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          On
October 14, 2009, pursuant to a plea bargain, appellant Eddie Lee Ward pleaded
guilty to indecency with a child,[2] a second-degree felony.[3] 
The trial court placed Ward on ten years’ deferred adjudication community
supervision and imposed a fine of $1,000.  Less than two months later, the
State filed a motion to adjudicate guilt, alleging that Ward had violated the
terms and conditions of his community supervision in various ways.  The State
waived one paragraph and Ward pleaded true to five of the six paragraphs remaining
in the State’s petition.  After the adjudication hearing, the trial court found
that Ward had violated the terms and conditions of his community supervision,
adjudicated his guilt, and sentenced him to fifteen years’ confinement.[4]

          Ward’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California[5] by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  See Mays v. State, 904 S.W.2d 920, 922–23 (Tex.
App.—Fort Worth 1995, no pet.).  Ward has also filed a pro se response to
the Anders brief.[6]  In addition, the State
has filed a brief, to which Ward also filed a reply brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904
S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  See
Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, the State’s brief, and
Ward’s responses to those briefs.  We agree with counsel that the appeal is
wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).  Consequently, we grant the motion to withdraw and
affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 21.11(a) (West 2011).





[3]See Tex. Penal Code
Ann. § 21.11(d) (West 2011).





[4]See Tex. Penal Code
Ann. § 12.33 (West 2011).





[5]386 U.S. 738, 87 S. Ct.
1396 (1967).





[6]Ward’s contentions include
claims of actual innocence, ineffective assistance of counsel, and violations
of due process and due course of law.